THE UNITED STATES DISTRICT COURT
District of South Carolina
Florence Division

| | |
|---|---|
| Lumetric Cameron (*pro se*) individually ) | |
| and o/b/o of Maddison Cameron ) | |
| *Plaintiffs* ) | |
| *vs.* ) | Civil Complaint |
| Florence County School District One ) | (Jury Trial Demanded) |
| Board of Trustees, Richard O'Malley, ) | |
| Brian Denny, Julie Hicks, & Shand Josey, ) | |
| *Defendants* ) | |

**NOW COMES**, the Plaintiffs **Lumetric Cameron** and her child Maddison Cameron (collectively, Plaintiffs), sues the Florence County School District One; Board of Trustees, Superintendent Richard O'Malley, Brian Denny Section 504 Coordinator, and Shand Josey, SFHS Principal under *42 U.S.C. § 1983* (civil action for deprivation of rights) and state constitutional law following an incident on March 6, 2023 when FSD1 staff cancelled (M.C.) Eligibility Determination Meeting for Special Education Disability Services by developing a Section 504 Plan for ADHD.

Time and again since August 2022 Defendants have blocked and ignored Ms. Cameron's complaints of Section 504 violations and from expressing views on critical issues surrounding the education of her child and ensuring that her viewpoints dissenting from their own were silenced, by the Board of Trustees and SC State Department of Education, with no response from either entity. This censorship violates the constitutions of South Carolina and of the United States and is an anathema to a free, democratic society. By this action, Ms. Cameron seeks relief for these illegal and unconstitutional actions to silence her voice, including injunctive relief to stop further violations of her rights to speak, assemble, and participate in the educational process of her child under the 1st, 4th 5th and 14th Amendment of the United States Constitution.

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, **Lumetric Cameron** and her child **Maddison Cameron**, are currently citizens and residents of the County of Florence, State of South Carolina. The plaintiff was the legal guardian and parent of the minor children at the time of the incident.

2. Defendant, Florence County School District One, **Board of Trustees** at all times relevant to this action, is a state agency as defined by South Carolina Code15-78-10, et seq., Code of laws, 1990, as amended and has agents, employees, offices and/or properties located in the County of Florence, State of South Carolina. At all times relevant to this action, Defendant FSD1 was acting by and through its agents, servants, employees, and/or officers to include and not be limited to those persons and/or individuals named in this complaint. As such, Defendant Florence County School District One is statutorily liable for the actions and omissions of their employees/agents acting in the course and scope of their official duties pursuant to the South Carolina Constitution.

3. Defendant, **Richard O'Malley**, is an individual who was employed by Florence County School District One as Superintendent at the time of this controversy.

4. Defendant, **Brian Denny**, is an individual who was employed by Florence County School District One as Section 504 Coordinator at the time of this controversy.

5. Defendant, **Shand Josey**, is an individual who was employed by Florence County School District One as Principal at South Florence High School at the time of this controversy.

6. At all times complained of herein, Plaintiff attended South Florence High School and was a resident of Florence County, South Carolina.

7. This Court has jurisdiction over the parties and subject matter of this action, and venue is proper in this Court because this case concerns a controversy that occurred in Florence County, and the four Defendants were employees of Florence County School District One at the time of this controversy.

## ~BACKGROUND FACTS~

8. In the academic years covering 2022-23, Plaintiff Maddison Cameron was a constant target of retaliation from school administrator Shand Josey, Principal at South Florence High School due to parent advocacy for services under Section 504. On 7/22/2022 Julie Hicks, School Psychologist sent an email meeting invitation scheduled for. My child graduated without a 504 Plan, violating her civil rights to needed accommodations for post-secondary transition needs.

---

On Wed, Jul 27, 2022, 12:23 PM Lumetric Cameron <ezslilbrat@gmail.com> wrote:

Good afternoon Ms. Hicks,
I would like to schedule an appointment with you in regards to my daughter Maddison Alanah Cameron. I want to discuss with you about her receiving an IEP plan. Thank you and I will be looking forward to hearing from you.

Lumetric Cameron
(843) 254-1449

On Wed, Aug 24, 2022, at 2:50 PM Lumetric Cameron <ezslilbrat@gmail.com> wrote:

Good afternoon Hicks,
I'm reaching out to you per our conversation about a 504 plan. Now I do have the information that was needed from Maddison Cameron Pediatrician. So now I'm just want too see what her next step. She is overloaded with work nc when school first started she out due to her having the flu and then her schedule was changed and she started all her classes late and she is trying to play catch up.

Thank you,
L. Cameron

On Wed, Aug 24, 2022, 4:16 PM HICKS, JULIE <jhicks@fsd1.org> wrote:

You just need to get the information from the doctor to me, either by scanning it and emailing it to me, or dropping it off at the school with Maddison's school counselor or dropping it off to me at the McClenagan building on Dargan street, across from the Library. Once I have the information from the doctor, I can schedule the 504 referral meeting

and we can meet to determine whether or not Maddison is eligible for a 504 plan. If the team finds that she is eligible, we will develop the 504 plan in that same meeting.

Julie Hicks
School Psychologist II
South Florence High School
Southside Middle School
843-758-6529

On Wed, Aug 24, 2022, 4:25 PM Lumetric Cameron <ezslilbrat@gmail.com> wrote:

Thank you, I will do that.
L. Cameron

On Thu, Aug 25, 2022, at 8:44 AM Lumetric Cameron <ezslilbrat@gmail.com> wrote:

Good morning Hicks,
Down below I have attached a copy of the letter from the doctors office. If you have any questions please let me know.

Thank you
L. Cameron

From: **HICKS, JULIE** <jhicks@fsd1.org>
Date: Thu, Aug 25, 2022, 2:34 PM
Subject: Re: IEP 504
To: Lumetric Cameron <ezslilbrat@gmail.com>

Ok. I will contact you within the next 3-5 business days to set up the initial 504 referral meeting. At the meeting, we will determine whether or not Maddison is eligible for a 504 plan. If for some reason the team feels that we don't have enough information to determine if she is eligible, then the team will request additional information. If she is found eligible, we will develop her 504 plan during this meeting as well.
--
Julie Hicks
School Psychologist II
South Florence High School
Southside Middle School
843-758-6529

From: **Lumetric Cameron** <ezslilbrat@gmail.com>
Date: Fri, Jan 6, 2023 at 10:27 AM
Subject: Re: IEP 504
To: HICKS, JULIE <jhicks@fsd1.org>

Good morning Mrs. Hicks,

I'm reaching out to let you I spoke with the Guidance counselor at SFHS in reference to the information I sent to you for Maddison Cameron. I did give Ms. Patrick a copy of her letter from her doctors office, she is suppose to reaching out to you in regards to the 504 plan. Now if, there is anything else need from me please let me know. I can reached through email or by phone at 843-254-1449

Lumetric Cameron

From: **HICKS, JULIE** <jhicks@fsd1.org>
Date: **Fri, Jan 6, 2023 at 12:15 PM**
Subject: Re: IEP 504
To: Lumetric Cameron <ezslilbrat@gmail.com>

Good Afternoon,
Per our conversation, I have attached the Meeting Invitations for the meeting on 1/17 at 10:00 (virtual meeting). I also sent the Google Calendar invitation that includes the Google Meet link. I have also attached the 504 Parental Rights. Please let me know if you have any questions. Otherwise, I will see you then!!

--
Julie Hicks
School Psychologist II
South Florence High School
Southside Middle School
843-758-6529

From: <jhicks@fsd1.org>
Date: Tue, Jan 17, 2023, 10:01 AM
Subject: Updated invitation with note: M. Cameron- 504 Eligibility @ Tue Jan 17, 2023 10am - 11am (EST) (ezslilbrat@gmail.com)
To: <ezslilbrat@gmail.com>, <ksmorton@fsd1.org>, <kcue@fsd1.org>, <cameronm257@students.fsd1.org>, <kpatrick@fsd1.org>

Meeting link

meet.google.com/xvi-ajwk-syi

Description **CHANGED**

You are invited to a 504 Eligibility meeting for M. Cameron. This will be a virtual meeting. Please let me know if you cannot attend.

Friendly reminder of our virtual meeting.

When
Tuesday Jan 17, 2023 · 10am – 11am (Eastern Time - New York)
Guests

jhicks@fsd1.org - organizer

ksmorton@fsd1.org

kcue@fsd1.org

cameronm257@students.fsd1.org

kpatrick@fsd1.org

ezslilbrat@gmail.com

\_____

**This event has been updated with a note:**
"This meeting is cancelled and will be rescheduled. Sorry for any inconvenience."

**Changed:** description

From: <jhicks@fsd1.org>
Date: Mon, Mar 6, 2023, 8:28 AM
Subject: Updated invitation with note: M. Cameron- 504 Eligibility Determination @ Mon Mar 6, 2023 9am - 9:45am (ES
To: <ezslilbrat@gmail.com>, <kcue@fsd1.org>, <cameronm257@students.fsd1.org>, <kpatrick@fsd1.org>, <asha.reav

Meeting link

meet.google.com/qjb-mcem-vrr

Join by phone

(US) +1 320-377-9281
PIN: 974071070

More phone numbers

Description  "This meeting is cancelled and will be rescheduled. Sorry for any inconvenience."
You are invited to a 504 eligibility meeting for Maddison.  Please let me know if you cannot attend. Thanks so much!
This meeting is cancelled and will be rescheduled. Sorry for any inconvenience.

When
Monday Mar 6, 2023 · 9am – 9:45am (Eastern Time - New York)

Guests
jhicks@fsd1.org - organizer
kcue@fsd1.org
cameronm257@students.fsd1.org
kpatrick@fsd1.org
ezslilbrat@gmail.com
asha.reaves-jackson@fsd1.org
**View all guest info**

9. During the 2022-23 school years, Plaintiff Maddison Cameron was subjected to extreme incidents of harassment, intimidation, and bullying by Shand Josey, Principal at Southside High School.

10. Plaintiff Maddison Cameron experienced trauma, emotional distress and psychological injuries requiring mental health attention, due to Shand Josey discriminatory attempts to not allow the child to graduate on time with her peers.

11. Plaintiffs and her family complained to school officials Brian Denny and Richard O'Malley about the bullying and the ongoing altercations resulting in emotional distress and trauma that was inflicted on Lumetric and Maddison Cameron.

**FIRST CAUSE OF ACTION**
(Violation of the First Amendment to the U.S. Constitution, 42 U.S.C. § 1983;)
South Carolina Constitution, Article I, §19

12. Plaintiffs reaffirm and re-alleges each and every material allegation stated above as it repeated herein verbatim.

13. Ms. Cameron and her children engaged in activity protected by the First Amendment of the Constitution of United States and the First Article of the South Carolina Constitution when, during an arranged press conference at South Florence High School, she was to speak and participated in reporting the neglect of duty of the Superintendent Richard O'Malley failure to respond to her child's educational needs and the failure to respond by Brian Denny and Shand Josey to carry out their administrative duties while the child attended South Florence High School, which complaints were forwarded to the Office of Civil Rights and the SC Department of Education for violations of Section 504 and IDEA.

14. The prevention of gun violence and the safety of community children, teachers, and school Administrators are matters of immediate public concern.

15. Plaintiff (M.C.) reaffirms and re-alleges each and every material allegation stated above as it repeated herein verbatim.

16. At all times relevant herein, the Defendants' employees, were acting under the direction and control, and pursuant to the rules, regulations, policies and procedures put in place by Defendants.

17. Defendants owed a duty to (M.C.) to provide a *safe educational environment* for its students.

18. Defendants *breached their duty* to provide a safe educational environment for (M.C.) and protect him from harm when they allowed faculty and students to repeatedly impose disability-based bullying, harassment, and intimidation instead of stopping it.

19. Defendants had a *duty to properly train and supervise* its agents and employees to ensure that the risk of harm was eradicated.

20. The Defendants acted in contravention of their *duty of care* to the Plaintiff (M.C.) by failing to properly train, supervise, control, direct, and monitor their employees and agents in their duties and responsibilities.

21. As a direct and proximate result of the *Defendants' negligence, recklessness, willfulness and wantonness in their hiring, training, and supervision*, as alleged herein, the Plaintiff (M.C.) has suffered actual damages, including, but not limited to, embarrassment, and humiliation.

## SECOND CAUSE OF ACTION
(Gross Negligence)
Neglect of Duty
### Breach of Superintendent Contract

22. Plaintiffs reaffirm and re-alleges each and every material allegation stated above as it repeated herein verbatim.

**Richard O'Malley Contract Page 9 Section (c)**

### *Discharge of Cause*

Conduct which is prejudice to the District, including but not limited to unprofessional conduct, neglect of duty, or competency. O'Malley is neglectful in his duty by the following:

South Carolina Code 63-5-70. Unlawful conduct toward a child
   (A) It is unlawful for a person who has charge or custody of a child, or who is the parent or guardian of a child, or who is responsible for the welfare of a child as defined in § 63-7-20 to: (1) place the child at unreasonable risk of harm affecting the child's life, physical or mental health, or safety;
   (B) "Cruelty to children" is child neglect's misdemeanor cousin in SC – punishable by no more than 30 days in jail.
   (C) SC Code Section 63-5-80 makes it a crime to "cruelly ill-treat," deprive of "necessary sustenance or shelter," or "inflict unnecessary pain or suffering upon a child." As with child neglect, a person must be the parent, guardian, or have custody of the child at the time of the offense: by ignoring the pleas from the parent and causing her to be treated differently in order to graduate with her peers from South Florence High School.

23. Plaintiff (M.C.) reaffirms and re-alleges each and every material allegation stated above as it repeated herein verbatim.

24. The Defendants intentionally and recklessly inflicted severe emotional distress or was certain or substantially certain that such distress would result from their conduct filing to protect a vulnerable disabled student under Section 504.

25. The conduct and psychological injuries sustained by the minor child was so extreme and outrageous as to exceed all possible bounds of decency and should not be intolerable in a civilized community.

26. The actions caused Plaintiff (M.C.) to endure severe emotional distress.

27. The emotional distress suffered by Plaintiff (M.C.) was so severe that no reasonable person in the student's shoes could be expected to endure it. The actions and conduct of the Defendants caused the minor child to suffer emotional, mental, and physical injuries, shame, and humiliation in addition to the damages more particularly set forth herein, which required the parent and minor child to incur medical bills, and Plaintiff (M.C.). is entitled to an award of actual and punitive damages for this cause of action.

### THIRD CAUSE OF ACTION
(Violation of the Due Process Clause of the Fourteenth Amendment For
Denial of Impartial Hearing, 42 U.S.C. § 1983)

28. Plaintiffs reaffirm and re-alleges each and every material allegation stated above as it repeated herein verbatim.

29. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution bars state actors from "depriving any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV; see also *Dixon v. Alabama State Bd. of Ed.*, 294 F.2d 150, 155 (5th Cir. 1961) ("Whenever a governmental body acts so as to injure an individual, the Constitution requires that the act be consonant with due process of law.").

30. Board of Trustees and Brian Denny unconstitutional denial of a Section 504 Impartial Hearing was ignored and denied, resulting in the negligence of post-secondary transition needs for higher learning for all students.

31. Ms. Cameron children were deprived of time, resources, and opportunity to mount an adequate defense.

### FOURTH CAUSE OF ACTION
(Violation of the Equal Protection Clause of the Fourteenth Amendment to the
U.S. Constitution for disparate racial treatment, 42 U.S.C. § 1983)

32. Plaintiffs reaffirm and re-alleges each and every material allegation stated above as it repeated herein verbatim.

33. The Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It is enforceable pursuant to 42 U.S.C. § 1983.

34. The district denied equal protection to Ms. Cameron and her children in treating them differently than similarly situated white parents who requested to meet with the Superintendent regarding educational matters.

*Example*: White mother who went to the Superintendent Richard O'Malley for similar parental issues of Section 504 complaints of her white child. The Superintendent met with the white parent and resolved her concerns.

### FIFTH CAUSE OF ACTION
(Breach of Fiduciary Duty)

35. The Defendant, Florence School District One, owed a fiduciary duty to Plaintiff herein, the Plaintiff reposed special confidence in Defendant for the care and custody of the minor child, herein, (M.C.) and said Defendants were bound to act in good faith and with regard to the interests of the Plaintiffs, duty of care, loyalty, good faith, confidentiality, prudence, and disclosure.

37. In failing to recognize and adhere to heightened standard of care with regard to the ongoing disability-based bullying and harassment at in accordance Section 504 and ADA at Greenwood Elementary the employees involved an enhanced risk of harm of the minor child herein:

> i. Each student has a right to be treated fairly and with kindness.
> ii. Each student has the right to be safe and protected.
> iii. Each student has the right to be respected as an individual.
> iv. Each student has the right to a healthy environment to learn.

36. The emotional distress suffered by Plaintiff (M.C.) was so severe that no reasonable person in the student's shoes could be expected to endure it. The actions and conduct of the Defendants caused the minor child to suffer emotional, mental, and physical injuries, shame and humiliation in addition to the damages more particularly set forth herein, which required the minor child to incur medical bills, and Plaintiff (M.C.). is entitled to an award of actual and punitive damages for this cause of action.

**PRAYER FOR RELIEF WHEREFORE,**

34. Plaintiff requests judgment as follows:

that the Court enters a Judgment jointly and severally against the Defendants in an amount to be determined by the trier of fact for actual, punitive, and/or compensatory damages which they determine to be appropriate, for the costs of this action, and for any additional and further relief such as this Court deems necessary and proper.

Respectfully submitted,

/s/Lumetric M. Cameron
_____
Lumertric M. Cameron, Mother

2726 Carriage Lane
Florence, South Carolina 29505
(843)254-1449
*Pro se* Litigants
PLAINTIFFS
ezslilbrat@gmail.com

October 10, 2023
Florence, South Carolina

# THE UNITED STATES DISTRICT COURT
## District of South Carolina
### Florence Division

| | |
|---|---|
| Lumetric Cameron (*pro se*) individually ) <br> and o/b/o of Maddison Cameron ) <br>    *Plaintiffs* ) <br>     *vs.* ) <br> Florence County School District One ) <br> Board of Trustees, Richard O'Malley, ) <br>  Brian Denny, Judie Hicks, & Shand Josey, ) <br>    *Defendants* ) | Civil Complaint <br> (Jury Trial Demanded) |

**TO: THE DEFENDENTS ABOVE NAMED:** *Florence County School District One*

  *YOU ARE HEREBY SUMMONED* and required to answer the Complaint herewith, a copy of which is herewith served upon, and to serve a copy of your Answer to said Complaint upon the subscriber, at *2726 Carriage Lane, Florence South Carolina 29505*, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the aforesaid, the Plaintiff will apply to the Court for the relief demanded in the Complaint and judgment by default will be rendered against you for the relief demanded in the complaint.

Respectfully submitted,

/s/Lumetric M. Cameron
_____
Lumetric M. Cameron, Mother

                 2726 Carriage Lane
                 Florence, South Carolina 29505
                 (843)254-1449
                 *Pro se* Litigants
                 PLAINTIFFS
                 ezslilbrat@gmail.com

October 10, 2023
Florence, South Carolina