IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lumetric Cameron, individually and o/b/o M.C., <br><br> Plaintiff, <br><br> vs. <br><br> Florence County School District One Board of Trustees; Richard O'Malley; Brian Denny; Julie Hicks; Shand Josey, <br><br> Defendants. | Case No.: 4:23-cv-5085-JD <br><br><br> **ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 12.) Plaintiff Lumetric Cameron, individually and o/b/o M.C. ("Plaintiff" or "Cameron"), proceeding *pro se*, brought this action against Defendants Florence County School District One Board of Trustees; Richard O'Malley; Brian Denny; Julie Hicks; and Shand Josey (collectively "Defendants") pursuing claims on behalf of her minor child[2] and individually. Plaintiff alleges her minor child graduated without a 504 plan. (DE 1.) Plaintiff also alleges her rights to participate in her child's educational process have been violated. Plaintiff further alleges there were violations of Section 504 and the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Claims on behalf of the minor child may not be pursued *pro se*. By order of the court (DE 7), Plaintiff was given 45 days to retain counsel for the minor child. The time has run, and Plaintiff did not avail herself of the opportunity to retain counsel for the minor child. And so the claims on behalf of the minor child are dismissed.

1

Individuals with Disabilities Education Act ("IDEA"). (DE 1, p. 7.) Plaintiff seeks only monetary damages. (DE 1, p. 10.)

The Report was issued on January 18, 2024, recommending the Complaint be dismissed without prejudice for lack of subject matter jurisdiction to the extent Plaintiff seeks claims in her individual capacity because she seeks only relief unavailable by statute and case law and the claim is, therefore, legally frivolous. Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 12) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 23, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that she has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.